# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00570-CR

---

**Danielle Sunshine Bledsoe, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
NO. CR-17-0030, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

The State charged appellant Danielle Sunshine Bledsoe with the offense of felony driving while intoxicated, subsequent offense. *See* Tex. Penal Code § 49.09(b). At trial, the jury heard evidence that on September 17, 2016, at approximately 2:00 a.m., Department of Public Safety Trooper William Hart observed a vehicle traveling on Highway 290 in Hays County toward Dripping Springs at the rate of 73 miles per hour, which exceeded the posted speed limit of 60 miles per hour. As Hart began following the vehicle, he also observed it "weaving within its lane" of traffic. Hart testified that "instead of driving straight, more or less in the middle of the lane, it weaved from one side of the lane to the other, which is not typically a traffic violation, but it is something to observe."

Hart initiated a traffic stop on the vehicle for speeding, made contact with the driver, later identified as Bledsoe, and asked her to exit the vehicle. Hart testified that Bledsoe

"moved slowly while exiting the vehicle," "appeared to have a blank look on her face," "appeared somewhat flushed," and "swayed" while she was standing and talking to Hart on the side of the road. As Hart spoke with Bledsoe, he "smelled an odor of alcoholic beverage coming from her breath" and asked her how much she had been drinking that night. Bledsoe told Hart that "she had one drink earlier while she was at work" at a restaurant, specifically a drink that was "similar to a screwdriver," which Hart testified was an alcoholic beverage made of vodka and orange juice. Bledsoe told Hart that she had left the restaurant at approximately 12:12 a.m., had spent some time at a friend's house, and was returning home.

Hart suspected that Bledsoe was intoxicated and proceeded to conduct field sobriety tests on her. Hart testified that Bledsoe displayed six out of six clues for intoxication on the horizontal gaze nystagmus (HGN) test, six out of eight clues on the walk-and-turn test, and three out of four clues on the one-leg-stand test. After observing Bledsoe's performance on the field sobriety tests, Hart arrested her for driving while intoxicated and transported her to the Hays County Jail. A video recording taken from Hart's patrol-car dash camera, showing the traffic stop, Bledsoe's performance on the field sobriety tests, and her arrest and transport to the jail, was admitted into evidence.

Following her arrest, Bledsoe agreed to provide a breath specimen. Hart conducted the breath test on Bledsoe at the jail using a device known as an Intoxilyzer 9000. Hart obtained two breath samples from Bledsoe, one taken at 4:12 a.m. and the other at 4:16 a.m. The test results, which were admitted into evidence, showed that at both times the test was administered, Bledsoe's alcohol concentration was .088.

DPS crime lab supervisor Antonio Ortiz, who testified as an expert on intoxilyzer instruments and the effects of alcohol on the human body, explained that he had reviewed the

2

test results in this case and determined that the proper operational methods and techniques were used in producing the breath specimens for Bledsoe, which meant that it was "a valid test." During Ortiz's testimony, the State presented him with "hypothetical" intoxication scenarios. In one scenario, Ortiz testified that if a person had been drinking before 12:30 a.m., was pulled over by law enforcement and arrested at approximately 2:06 a.m., and had her breath tested at 4:12 and 4:16 a.m., he would expect that person's alcohol concentration to have been "higher" at the time the person had been driving than when the test had been administered. In another scenario, Ortiz testified that if a person had consumed only one drink before 12:30 a.m., he would expect that person to have an alcohol-concentration "reading of zero" by 4:00 a.m.

Also admitted into evidence were written judgments tending to show that Bledsoe had two prior convictions for the offense of driving while intoxicated. The judgments reflected that Bledsoe had been found guilty of that offense in November 1996 and November 2005. Additionally, DPS records on Bledsoe were admitted into evidence, and they showed that Bledsoe had two prior convictions for driving while intoxicated.

Based on the above and other evidence, the jury found Bledsoe guilty of committing the offense of felony driving while intoxicated, subsequent offense. The district court rendered judgment on the verdict, assessed punishment at ten years' imprisonment, and suspended imposition of the sentence and placed Bledsoe on community supervision for ten years. This appeal followed.

Bledsoe's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45

3

(1967); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  Counsel has certified to this Court that he has provided Bledsoe with a copy of the motion and brief, advised her of her right to examine the appellate record and file a pro se response, and supplied her with a form motion for pro se access to the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).  Bledsoe has filed a pro se response in which she contests the jurisdiction of the district court to hear the case, challenges the sufficiency of the evidence to support her conviction, and asserts that certain evidentiary rulings of the district court were erroneous.

We have reviewed the record, counsel's brief, and appellant's pro se response. We agree with counsel that the appeal is frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that court of appeals should not address merits of issues raised in *Anders* brief or pro se response but should only determine if appeal is frivolous).  We find nothing in the record that might arguably support the appeal.  We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:  July 17, 2019

Do Not Publish

4